## FISH v. DYSON.

(Court of Appeals of District of Columbia.
Submitted January 15, 1925. Decided
February 2, 1925.)

No. 1702.

**1. Patents ⊜112(1)—Adjudication in prior interference held not res judicata as to diligence at different time.**

Adjudication in prior interference is res judicata in subsequent interference proceeding between same parties as to all questions put in issue and determined, but is not determinative of question whether party was diligent prior to certain date, where prior interference covered an earlier period.

**2. Patents ⊜97—Rules of Patent Office have force of law.**

Patent Office rule No. 116, as to presumption and burden of proof respecting date of invention, and rule 117, providing that the preliminary statement cannot be used as evidence, have the force of law.

**3. Patents ⊜91(4)—Evidence held to establish diligence of one party at and prior to other's date of filing.**

In interference proceeding, proof that one party's 11 sheets of drawings were completed about May 20th, and that their preparation must have required several weeks, held to establish diligence at and just prior to May 19th, on which date other party filed application.

**4. Patents ⊜113(6)—Party to interference, who introduced no evidence to prove conception prior to filing date, restricted to such date.**

Party to interference proceeding, who introduced no evidence of conception of invention prior to date on which his application was filed, could not, on appeal, complain of Patent Office ruling that he was restricted to filing date for conception and reduction to practice.

Appeal from Commissioner of Patents.

Interference proceeding between Herbert L. Fish and Alfred H. Dyson. From concurrent decisions awarding priority of invention to the latter, the former appeals. Affirmed.

C. D. Davis, of Washington, D. C., and W. A. Scott and C. M. Candy, both of Chicago, Ill., for appellant.

G. A. Yanochowski, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals awarding priority of invention to the party Dyson.

Fish has taken no testimony, and the Patent Office has held that he was restricted to his filing date of May 19, 1906, for conception and reduction to practice. He makes two contentions here: (a) That the decision in the prior interference between the same parties and involving Dyson's present application is determinative of the issue here; and (b) that, if it be presumed that because Dyson's 11 sheets of drawings were completed on May 20, 1906, he must have been diligent prior to and on the filing date of Fish, or May 19, 1906 (the evidence showing that he had conception of the invention long prior to that date), then it must also be presumed that Fish conceived the invention prior to his filing date.

[1] As to the first proposition, there can be no doubt that the prior adjudication is res adjudicata as to all questions put in issue and determined there. But this abstract statement is not determinative of the question propounded, because in the prior interference there was involved the question of Dyson's diligence from about the middle of February of 1906 to the middle of May of that year. In the present interference, however, if Dyson was diligent just prior to May 20th, he must prevail, unless the second proposition advanced by Fish is sound.

[2] Coming to that second proposition, we are met with rules 116 and 117 of the Patent Office, which have the force of law. Rule 116 declares that the parties to an interference will be presumed to have made the invention in the chronological order in which they have filed their completed applications, and that "the burden of proof will rest upon the party who shall seek to establish a different state of facts." Rule 117 provides that "the preliminary statement can in no case be used as evidence in behalf of the party making it."

[3, 4] Dyson introduced proof that his eleven sheets of drawings were completed about May 20th and that their preparation must have required several weeks. The Patent Office found, and in that finding we concur, that this evidence satisfactorily established diligence at and just prior to the filing date of Fish. Had Fish desired to prove conception prior to his filing date, it was incumbent upon him to introduce evidence to that end. Having deliberately elected to stand upon his filing date, he is in no position here to challenge the ruling of the Patent Office. Moreover, even though we indulged the presumption urged, we could not say, in the absence of proof, that Fish had conception and commenced his drawings prior to the commencement of Dyson's drawings.

The decision therefore is affirmed.

Affirmed.